UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LADAWNYA CARPENTER, *et al.*, | : | Case No. 1:05-cv-323 |
| | : | |
| Plaintiffs, | : | U.S. Magistrate Judge Timothy S. Black |
| | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| CITY OF FRANKLIN, OHIO, *et al.*, | : | |
| | : | **MEMORANDUM OPINION** |
| Defendants. | : | **AND ORDER** |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  The case is before the Court on defendants' motion for judgment on the pleadings (Doc. 8), defendants' motion for summary judgment (Doc. 10), and plaintiffs' second motion to remand (Doc. 14).  Also pending is a motion by defendants for leave to supplement their motion for summary judgment with an expert opinion.  (Doc. 25.)  The parties have consented to final disposition by the magistrate judge pursuant to 28 U.S.C. § 636(c). (*See* Docs. 19, 23).

For the reasons that follow, the motion for judgment on the pleadings is **GRANTED**; the motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**; and the second motion for remand is **DENIED**.  The motion for leave to supplement is also **DENIED**.

# I.  BACKGROUND

## A.    The Parties

Plaintiffs LaDawnya K. Carpenter ("Carpenter"), Charles N. Combs ("Combs"), and Tyler Combs ("Tyler") (collectively "plaintiffs") are residents of the City of Franklin, Ohio.  (Doc. 1, Att. 1 at p. 4, ¶ 6.)  Tyler, a minor child, is Combs's son.  (*Id.* at p. 4, ¶ 7.) Carpenter is Combs's sister.  (*Id.* at p. 8, ¶ 34.)

Named defendants include the City of Franklin, Ohio, four members of the Franklin Police Department, Lt. Leslie W. Bowling, Sgt. Russell Whitman, Officer Diekman, and Officer Troy Wolf; and a Prosecutor for the City of Franklin, Steven Runge.  (*Id.* at p. 4, ¶ 5.)  Sarah Kirby ("Kirby"), who is Tyler's mother (and Combs's ex-girlfriend), was also named as a defendant in the original complaint.  (*See* Doc. 8, Ex. A at p. 6, ¶ 2.)

## B.    Factual Allegations

In July 2002, Kirby had filed a civil action in the Warren County Court of Common Pleas against Combs for entry of a domestic violence protection order. (*Id.* at p. 6, ¶ 3.)  As a result of a hearing held on July 8, 2002, which Combs and Kirby both attended, the state court entered an Order of Protection, which both Kirby and Combs signed, which provided, among other things, for the temporary custody of Tyler to be with Combs during the weekdays from Sunday at 6:00 p.m. to Friday at 6:00 p.m.; and the temporary custody of Tyler to be with Kirby on the weekends from Friday at 6:00 p.m. to Saturday at 6:00 p.m. (Doc. 8 at p. 4.)  The domestic violence protective order

entered by the state court also provided that "all exchanges to take place at Franklin Police department." (*Id*.)

On the evening of Friday, August 16, 2002, after Combs had failed to bring Tyler to the police station for the 6:00 p.m. transfer to Kirby, officers Wolf, Bowling, Whitman and Diekman appeared with Kirby at Combs's home. The officers allegedly entered the home without a search warrant or an arrest warrant in their possession and arrested Combs for violating the protective order and seized Tyler and transferred him into Kirby's physical custody. (Doc. 1, Att. 1 at p. 5, ¶ 10; Doc. 8, Ex. A at pp. 3-4, ¶ 4.)

Carpenter was present at Combs's home on August 16, 2002. (Doc. 1, Att. 1 at p. 8, ¶ 34.) Although Carpenter objected to the intended transfer of Tyler to Kirby, she was trying to dress him when one of the officers took Tyler from Carpenter, carried him outside, and delivered him to Kirby, who then left with the child. (Doc. 13, Ex. 6 at ¶ 8.)

Alas, Carpenter followed the officers outside, allegedly simply to remind Kirby to bring the child back the following Sunday. (*See id.* at ¶¶ 9-10.) Carpenter was then arrested for disorderly conduct. (*Id.* at ¶ 37.) According to plaintiffs, an officer then "manhandled" Carpenter by throwing her against a van, pulling her arms back, and pushing her into the van. (Doc. 1, Att. 1 at p. 8, ¶ 35.) The charge against Kirby for disorderly conduct was dismissed on January 17, 2003, on statutory, speedy trial grounds. (*Id.* at p. 9, ¶ 43.)

The criminal proceedings against Combs were terminated in his favor on January 28, 2003. (Doc. 8, ex. A at 4-5, ¶ 9; Doc. 10, Ex. D.)

### C.     Procedural History

Plaintiffs initiated this action on August 8, 2003, by filing a complaint in the Warren County Court of Common Pleas against the City of Franklin, Lt. Bowling, Sgt. Whitman, Officer Diekman, and Sarah Kirby.  (*See* Doc. 8, Ex. A).  An amended complaint was filed on December 15, 2003.  (*Id.*, Ex. B.)

On October 7, 2004, plaintiffs sought leave to file a second amended complaint withdrawing claims against Sarah Kirby and adding claims against two additional defendants, Officer Troy Wolf and Franklin City Prosecutor Steven Runge.  (*Id.* at 27-30.)  Leave to file the amended complaint was granted over defendants' objections on April 22, 2005.  (*See* Doc. 1, Att. 1.)

On May 3, 2005, the state court judge, Hon. Neal B. Bronson, issued a decision granting in part and denying in part a motion for summary judgment by the City of Franklin, Lt. Bowling, Sgt. Whitman, and Officer Diekman.  (Doc. 8, Ex. E.)

On May 11, 2005, Wolf filed a notice removing the state court action to federal court on the basis of federal question jurisdiction.  (Doc. 1.)  All of the other defendants consented to and joined in the removal.  (*See id*; *see also* Doc. 16.)

Plaintiffs filed a motion to remand on the grounds that the removal was untimely and that the notice of removal was defective.  (*See* Doc. 5.)  On March 27, 2006, the motion to remand was denied by United States District Judge Michael H. Watson.  (Doc. 16.)

On February 17, 2006, defendants filed a motion for judgment on the pleadings

seeking to dismiss Officer Troy Wolf and Prosecutor Steven Runge.  (Doc. 8.)  The motion is unopposed.  (*See* Doc. 14.)

On February 17, 2006, defendants separately filed a motion for summary judgment.  (Doc. 10.)  As grounds for their motion, defendants argue, *inter alia*, that plaintiffs have failed to establish any constitutional violations and that the individual police officers are entitled to qualified immunity.  (*See id.*)  Plaintiffs have filed a memorandum in opposition to the motion for summary judgment (Doc. 13), to which defendants have replied (Doc. 15).  On October 19, 2006, defendants filed a motion to supplement their motion for summary judgment with an opinion letter from a law enforcement expert.  (Doc. 25.)

On March 11, 2006, plaintiffs filed a second motion to remand this case to state court.  (Doc. 14.)  Plaintiffs state that, if the unopposed motion for judgment on the pleadings is granted, and Troy Wolf –  the defendant who initiated the removal from state court – is dismissed, the Court's jurisdiction would terminate.

### D.    The Claims

The second amended complaint includes eight counts alleging unlawful conduct by defendants.

In Count I, plaintiffs allege that the officers' entry into Combs's home without a warrant and his arrest without a warrant violated his rights under the Fourth and

Fourteenth Amendments.  (Doc. 1, Att. 1 at ¶¶ 8-10.)  Plaintiffs further allege that the officers' failure to prevent the entry into the home constitutes a separate violation of Combs's rights.  (*Id.* at ¶ 11.)

In Count II, plaintiffs allege that Tyler was seized by the officers without a warrant or other legal right in violation of his rights under the Fourth and Fourteenth Amendments.  (*Id.* at ¶ 16.)

In Count III, plaintiffs allege that the arrest and seizure of Combs and the seizure of Tyler Combs violated their constitutional rights of familial association and privacy.  (*Id.* at ¶ 19.)

In Count IV, plaintiffs allege that the City of Franklin failed to adequately train its police officers.  (*Id.* at ¶ 20.)

In Count V, plaintiffs allege that the officers failed in their duty to investigate prior to the arrest of Combs and the seizure of Tyler.  (*Id.* at ¶ 24.)

In Count VI, plaintiffs state that defendants Bowling and Whitman, a police lieutenant and sergeant, respectively, failed to properly supervise the other officers in violation of plaintiffs' constitutional rights.  (*Id.* at ¶ 29.)

In Count VII, plaintiffs state that the city prosecutor, Runge, ratified the constitutional violations committed by the other officers.  (*Id.* at ¶ 29 [sic].)

In Count VIII, plaintiffs allege that the officers lacked probable cause to arrest Carpenter and used excessive and unreasonable force in effecting her arrest.  (*Id.* at ¶ 35.)

They further allege that she was maliciously prosecuted and denied her constitutionally protected right to a speedy trial.  (*Id.* at ¶¶ 37, 43.)

Finally, plaintiffs allege that the defendant officers deprived Carpenter of her right of freedom from illegal confinement and imprisonment; her right of freedom from physical abuse, coercion, and intimidation; and her right of timely and effective assistance and medical aid, in violation of her rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution; 42 U.S.C. §§ 1983 and 1985; and 18 U.S.C. § 245.  (*Id.* at ¶¶ 50-51.)

Plaintiffs seek injunctive and monetary relief, including compensatory damages of $2,500,00.00 and punitive damages of $4,000,000.00.  (*See id.* at pp. 11-12.)

## II.  PLAINTIFFS' SECOND MOTION TO REMAND

 Because plaintiff's second motion to remand (Doc. 14) raises a threshold issue concerning the Court's subject matter jurisdiction, the Court shall dispose of that motion first.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999); *see also Midwest Motor Supply Co., Inc. v. Addis*, No. 2:05CV0733, 2006 WL 181990, at *1 (S.D. Ohio Jan. 23, 2006).  For the reasons that follow, the motion is **DENIED**.

As grounds for their second motion to remand, plaintiffs argue that if the removing defendant, Troy Wolf, is dismissed as a defendant, the Court's jurisdiction would terminate.  Their argument lacks merit.

It is well established that whether removal was proper is determined as of the time of the removal.  *See Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996); *Boyd v. Diebold, Inc.*, 97 F.R.D. 720, 721 (E.D. Mich. 1983).  "Once an action has been properly removed, however, plaintiff may not do anything to defeat federal jurisdiction and force a remand to state court."  *Boyd*,  97 F.R.D. at 721 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283 (1938); *Comstock v. Morgan*, 165 F. Supp. 798 (D. Mo. 1958)).

Moreover, the subsequent dismissal of the removing defendant does not divest the court's subject matter jurisdiction where it is based, as here, on federal question.  *See Robinson v. Holiday Universal, Inc.*, No. CIV.A. 05-5726, 2006 WL 470592, at *3 (E.D. Pa. Feb. 23, 2006).  If the district court's jurisdiction was proper at the time of removal, plaintiffs cannot "unring the bell" by dismissing the removing defendant.  *Id.*

Accordingly, the second motion to remand (Doc. 14) is **DENIED**.

### III.  DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

In support of their motion for judgment on the pleadings, defendants argue that claims against Officer Troy Wolf and Franklin City Prosecutor Steven Runge are barred by the applicable statute of limitations.  They further argue that claims against Runge should be dismissed as redundant of claims brought against the City of Franklin.  Alternatively, they seek dismissal of claims against Runge on the grounds that he is entitled to quasi-judicial immunity and, because he acts as an agent for the State of Ohio, that claims against him are barred by the Eleventh Amendment.

-8-

Although the motion for judgment on the pleadings is unopposed, the Court will address the merits of the motion.  *See Hackett v. G.D. Searle & Co.*, 246 F. Supp. 2d 591, 593 (W.D. Tex. 2002) (reviewing an unopposed motion for judgment on the pleadings on the merits after noting that it was a dispositive motion).  *See also Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) (holding that "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded").

### A.  Standard of Review

The standard of review for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as that for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001); *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).  When ruling on a defendant's motion to dismiss on the pleadings, a district court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief."  *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006) (quoting *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001)).  The court, however, need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998)).

**B.     Analysis**

**1.     Statute of Limitations**

Plaintiffs bring this case pursuant to the authority of 42 U.S.C. § 1983 seeking redress for a denial of their constitutional rights.  Section 1983 actions brought in Ohio are subject to the two year statute of limitations found in Ohio Rev. Code. Ann. § 2305.10.  *See Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989).

Claims against Wolf are based on his alleged participation in the events of August 16, 2002.  Thus, plaintiffs were required to bring those claims on or before August 16, 2004.

Claims against Runge are based on his role in the prosecution of criminal charges against Combs and Carpenter.  The charges against Carpenter were dismissed on January 17, 2003; the proceeding against Combs was terminated on January 28, 2003.  Using the later date, plaintiffs were required to present a claim against Runge no later than January 28, 2005.

Leave to file the second amended complaint naming Wolf and Runge was granted on April 22, 2005, after the statute of limitations had expired.  Unless the amendment relates back to the original complaint, claims against Wolf and Runge are barred by the statute of limitations.

Under Fed. R. Civ. P. 15(c)(3)(B), an amended complaint that adds a new defendant relates back to the original complaint only if the newly-named defendant

"knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [him]." *Dye v. City of Warren*, 367 F. Supp. 2d 1175, 1183 (N.D. Ohio 2005).

The Sixth Circuit has held that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the mistaken identity requirement of Rule 15(c)(3)(B). *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir.), *cert. denied,* 519 U.S. 821 (1996); *see also Reid v. City of Flint*, No. 04-73822, 2006 WL 2644993, at *3 (E.D. Mich. Sept. 14, 2006). Moreover, there is no evidence in the present case to show, nor any argument made, that either Wolf or Runge had notice that, but for a mistake concerning his identity, the original complaint would have been filed against him.

The claims against Wolf and Runge are barred by the statute of limitations.

## 2. Alternative Grounds For Dismissal of Runge

The alternative grounds presented for the dismissal of Runge are also well-taken.

Suing a municipal officer in his official capacity for a constitutional violation pursuant to 42 U.S.C. § 1983 is the same as suing the municipality itself. *Kraemer v. Luttrell*, 189 Fed. Appx. 361, 366 (6th Cir. 2006) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (explaining that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent" and that "[b]ecause

the real party in interest in an official-capacity suit [against a municipal officer] is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law")); *see also Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

Because Runge was named only in his official capacity, claims against him are in effect claims against the City of Franklin.

Additionally, a prosecutor acting within the scope of his duties in initiating and prosecuting a case is entitled to absolute immunity from suit for malicious prosecution. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1978); *Holloway v. Brush*, 220 F.3d 767, 774-75 (6th Cir. 2000) (*en banc*). There is no evidence to show that Runge was not acting within the scope of his official duties. Finally, to the extent Runge may act as an agent of the State of Ohio in enforcing state laws, claims against him in his official capacity are barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

In sum, it appears beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief as against defendants Wolf and Runge. Accordingly, the motion for judgment on the pleadings (Doc. 8) is **GRANTED**.

## IV. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The remaining defendants, City of Franklin, Lt. Bowling, Sgt. Whitman, and Officer Diekman, seek summary judgment dismissing all claims against them. (Doc. 10.)

In response, plaintiffs argue that genuine issues of material fact exist which

-12-

preclude entry of summary judgment, and they object to defendants' attempt to reargue issues already decided by the state court judge.

Before reaching the merits of the motion for summary judgment, the Court must address the issue of what import should be given to the state court decision.

### A.    Effect Of The State Court Decision

As previously noted, while this matter was pending in the state court, Judge Bronson issued a decision granting in part and denying in part a motion for summary judgment by defendants City of Franklin, Lt. Bowling, Sgt. Whitman, and Officer Diekman.  (Doc. 8-3 at 2-5.)

A decision of a state court is not binding on the federal court to which a pending action has properly been removed.  *See Newhouse v. Hansen*, No. 5:06 CV 1731, 2006 WL 2583412, at *4 (N.D. Ohio Sept. 7, 2006) (citing *King v. Order of United Commercial Travelers of America*, 333 U.S. 153 (1948)); *see also Munsey v. Testworth Labs.*, 227 F.2d 902, 903 (6th Cir. 1955).  A federal court need not follow the law of the case declared by a state court when a case is removed on the basis of a federal question. *Ellison v. Empire Gen. Life Ins. Co.* (*Protective Life Corp.*), No. 89-3879, 1990 WL 191630, at *3 (6th Cir. Dec. 3, 1990) (citing 1B J. Moore, J. Lucas & T. Currier, <u>Moore's Federal Practice</u> § 404(6) (2d ed. 1988)).

Judge Bronson's decision was not a final decision, and no judgment had been entered in the state court action.  Because the state court judge still had discretion to

change his opinion until such time as he rendered a final, appealable decision, this Court also has discretion to revisit that decision.  As the Sixth Circuit has explained: "The law of the case doctrine, when applied to the decisions of a coordinate court, is best described as 'a discretionary tool' that is used 'to promote judicial efficiency.'" *XL Sports, Ltd. v. Lawler*, 49 Fed. Appx. 13, 21-22 (6th Cir. 2002) (quoting *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990)); *but see Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir.), *cert. denied*,  502 U.S. 821 (1991) (courts should be restrained in revisiting prior decisions).

### B.    Standard of Review

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action.  *Celotex*, 477 U.S. at 323.  All facts and inferences must be construed in a light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a

matter of law.  In response to a summary judgment motion properly supported by evidence, the nonmoving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989); *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

The Court is not duty bound to search the entire record in an effort to establish a lack of genuinely disputed material facts.  *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 404 (6th Cir. 1992); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied sub. nom. Superior Roll Forming Co. v. Interroyal Corp*, 494 U.S. 1091 (1990).  Rather, the burden is on the nonmoving party "to present affirmative evidence to defeat a properly supported motion for summary judgment," *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute.  *Anderson*, 477 U.S. at 250; *Guarino*, 980 F.2d at 404-05.

### C.     Analysis

### 1.     Combs's Claims

Defendants maintain that they are entitled to judgment as a matter of law with respect to claims asserted by Combs against the officers because he cannot show a constitutional violation based on his arrest and because the officers are entitled to qualified immunity.  They argue that Combs's claims against the City of Franklin fail because he cannot demonstrate any unlawful policy or practice or a failure to train.  They also maintain that Combs cannot establish a substantive due process violation based on his rights of familial association or privacy.

-15-

      a.     *Whether Combs can establish a Fourth Amendment violation based on the warrantless entry into the home*

It is well established that the warrantless entry into a home to conduct a search or make an arrest is unreasonable under the Fourth Amendment except in a few well-defined instances based on the presence of exigent circumstances. *See Payton v. New York*, 445 U.S. 573, 586 (1980); *Katz v. United States*, 389 U.S. 347, 357 (1967).

As the United States Supreme Court has held:  "To be arrested in the home involves the invasion attendant to all arrests but also the invasion of the sanctity of the home.  This is simply too substantial an invasion to allow without a warrant, at least in the absence of exigent circumstances, even when it is accomplished under statutory authority and when probable cause is clearly present."  *Payton v, New York, supra*, 445 U.S. at 588-89 (quoting *United States v. Reed*, 572 F. 2d 412, 423 (2d. Cir. 1978), *cert. denied, sub nom. Goldsmith v. United States*, 439 U.S. 913 (1978)) (emphasis supplied).

Accordingly, to arrest Combs in his home required the presence of a warrant, as a matter of clearly established law.  Here, there exists a genuine issue of material fact in dispute as to whether or not a warrant existed.

Moreover, as to exigent circumstances, they exist only where real immediate and serious consequences would certainly occur were a police officer to postpone action to get a warrant.  *O'Donnell v. Brown*, 335 F. Supp. 2d 787, 804 (W.D. Mich. 2004) (citing *United States v. Williams,* 354 F.3d 497, 503 (6th Cir. 2003); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 997 (6th Cir. 1994) (internal quotation marks and citation omitted).)

-16-

There must be a "need to protect or preserve life or avoid serious injury." *O'Donnell*, 335 F. Supp. 2d at 805 (quoting *O'Brien*, 23 F.3d at 997); *see also Mincey v. Arizona*, 437 U.S. 385, 392 (1978).  Furthermore, as in the present case, when authorities seek to enter a home in order to remove a child from his parent's custody, exigent circumstances do not exist where there is no evidence that the child was in immediate threat of death or severe physical harm.  *See id.* (citation omitted).

The officers are not entitled to summary judgment based on their assertion that a warrant had been issued because, as found by Judge Bronson, genuine issues of material fact exist as to this claim.

Additionally, the officers are not entitled to summary judgment on the basis of exigent circumstances because there is no evidence that such circumstances existed.

Accordingly, Defendants are not entitled to summary judgment on Combs's claim for a violation of the Fourth Amendment based on the allegedly warrantless entry into his home to arrest him.

b.      *Whether the officers are entitled to qualified immunity*

"Qualified immunity is an affirmative defense that shields government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310 (6th Cir. 2005) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

To determine whether the officers are entitled to qualified immunity, the court must determine first, "whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated," and second "whether that right was clearly established." *Id.* The court may also consider "whether the plaintiff offered sufficient evidence to indicate that what the official[s] allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 905 (6th Cir. 2004), *cert. denied sub. nom. Dickhaus v. Outlook Nashville, Inc.*, 544 U.S. 975 (2005).

Judge Bronson determined that defendant police officers were not entitled to judgment as a matter of law on the grounds of qualified immunity with respect to claims brought by Combs and Tyler. (*Id.* at 2-4.) He based his determination on the absence of evidence that the officers were acting pursuant to a valid warrant. He held that in the absence of a warrant or other explanation, he could not conclude that the officers acted in good faith and, construing the facts in a light favorable to plaintiffs, that reasonable minds could not conclude that a clearly established right was not violated as a matter of law.

This Court agrees that the officers are not entitled to summary judgment upon the basis of qualified immunity given the dispute in the material facts as to whether or not the officers, without warrants, entered the home and arrested Combs and seized Tyler. That is, viewing the factual allegations in Plaintiffs' favor, as required, the warrantless entry into the home would violate a clearly established constitutional right and would be objectively unreasonable in light of the clearly established constitutional rights.

-18-

Accordingly, upon the current record, the officers are not entitled to summary judgment on the basis of qualified immunity.[1]

      c.      *Whether Combs can establish a Fourth Amendment violation based on his arrest without a warrant*

Even if the officers' entry into Combs's home may have been contrary to the Fourth Amendment, his arrest, which is analyzed separately, *see O'Donnell,* 335 F. Supp. 2d at 806, was not.

An arrest without a warrant does not violate the Fourth Amendment if probable cause exists for the arresting officer's belief that a suspect has violated or is violating the law. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). "Probable cause" is defined as the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* at 37.

The officers possessed probable cause to arrest Combs for violating the court order. The undisputed evidence shows that a valid Domestic Violence Protective Order existed that not only established a visitation plan but also expressly authorized the arrest of the Respondent (Combs) for violating any of the terms of the Order. (*See* Doc. 10, Ex.

---

[1] Denial of qualified immunity is only an appealable final decision when it turns on an issue of law. A defendant who is entitled to invoke a qualified immunity defense may not appeal a district court's summary judgment order in so far as that order determines whether or not the pretrial record sets forth a genuine issue of material fact for trial. *McKenna v. City of Royal Oak*, ___ F.3d ___, 2006 WL 3408190, at *2 (6th Cir. Nov. 28, 2006).

A at pp. 1, 4.) It is also undisputed that on the night of his arrest, Combs's failure to deliver Tyler to the Franklin Police Department was in violation of the Protective Order.

Because probable cause existed for his arrest, Combs cannot establish a Fourth Amendment violation based solely on the arrest, and separate from the one based on the alleged warrantless entry into the home. Defendants are entitled to summary judgment in this respect.

       *d.*     *Whether the arrest was made pursuant to an unlawful policy or custom*

Defendants maintain that the City of Franklin is entitled to summary judgment in its favor because Combs cannot establish that his arrest was made pursuant to an unlawful policy or custom and there is no evidence that the City acted with deliberate indifference in training its officers.

As noted by Judge Bronson, and as acknowledged by defendants, a single act can constitute an unconstitutional policy if the discretionary act was made by an official vested with final authority. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482 (1985). (*See* Doc. 8, Ex. F (citing *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978).)

However, in light of the absence of evidence that Prosecutor Runge advised Kirby to *have the police enter Combs' s home without a search warrant and arrest him without a warrant* for violating the court's protective order, Combs cannot state a claim for an unlawful act by the City pursuant to an unlawful policy or custom. That is, because Combs does not have a claim for unlawful arrest, as the officers possessed probable cause

to arrest him, Combs's only claim against the City would have to be based upon the allegedly unlawful entry into the home without a warrant.  However, as to such claim, plaintiffs have failed to allege or evidence that Runge advised entry into the home without a warrant to arrest Combs.

Plaintiffs have a burden to respond to defendants' motion for summary judgment with some evidence to sustain their claim, and they have not done so.  Thus, Combs has no claim against the City of Franklin for the allegedly unlawful entry into the home as a matter of custom or policy, and summary judgment shall be entered accordingly.

      *e.*     *Whether the act of transferring Tyler to Sarah Kirby violated Combs's constitutional rights of familial association and privacy*

Defendants maintain that they are entitled to summary judgment with respect to Combs's claim that the transfer of his son to Kirby violated his rights of familial association and privacy.

It was clearly established law in 2002 (and is now) that, except in extraordinary circumstances, a parent has a liberty interest in familial association and privacy that cannot be violated without adequate pre-deprivation procedures.  *See Malik v. Arapahoe Cty. Dep't of Soc. Servs.*, 191 F.3d 1306, 1315 (10th Cir. 1999) (citing *Santosky v. Kramer*, 455 U.S. 745, 753-54 (1982)).  The removal of a child from his custodial parent's home is constitutionally reasonable, however, if it is pursuant to a court order, is supported by probable cause, or is justified by exigent circumstances.  *See Brokaw v. Mercer County*, 235 F.3d 1000, 1010 (7th Cir. 2000) (emphasis supplied); *see also O'Donnell*, 335 F. Supp. 2d at 806-07.

-21-

The officers allege that they were acting pursuant to the authority of the Domestic Violence Protective Order of the state court, which expressly provided that Tyler would be in Kirby's custody between the hours of 6:00 p.m. Friday and 6:00 p.m. Sunday.  (*See* Doc. 10, Ex. A.)  Although the Order (properly) does not provide that the officers could enter the custodial parent's home without a warrant to effectuate the temporary change in custody, the undisputed facts show that Combs was in violation of the visitation provision and are sufficient to establish probable cause to support the officers' seizure of Tyler and arrest of Combs.  *See Brokaw*, 235 F.3d at 1010.

Accordingly, defendants are entitled to summary judgment on this claim.

### 2.      Tyler's Claims

Defendants also seek summary judgment with respect to Tyler's claims on the grounds that he cannot establish an unlawful seizure based on his transfer by an officer from Carpenter to Sarah Kirby and because the officers are entitled to qualified immunity. They reassert that the officers' actions do not "shock the conscience" and thus do not establish a violation of Tyler's familial association or privacy rights

Defendant officers are entitled to judgment as a matter of law with respect to Tyler's claims of an unlawful seizure and a violation of his familial association and privacy rights because, as discussed above, probable cause existed to justify defendants' actions in removing him from Combs's home.[2]

---

[2] Nonetheless, to the extent that Tyler seeks to challenge the officers' warrantless entry into his (and his father's) home, defendant officers would not be entitled to judgment as a matter of law.  It does not appear that such a claim is stated in the second amended complaint.

The City of Franklin is also entitled to judgment as a matter of law on Tyler's claims because, as noted by Judge Bronson, Tyler has failed to come forward with any evidence of a discretionary act toward him by a vested official. *See Pembaur*, 475 U.S. at 482.

### 3. Carpenter's Claims

Finally, defendants maintain that they are entitled to judgment as a matter of law with respect to Carpenter's claims. First, they argue that they are entitled to qualified immunity because the officers had probable cause to arrest her for disorderly conduct and she has failed to present sufficient evidence to establish an excessive use of force claim. They also argue that she has failed to present evidence of an unlawful practice or policy to support her claims against the City of Franklin and that she has failed to present sufficient evidence to support a substantive due process claim.

### a. *Whether the officers had probable cause to arrest Carpenter for disorderly conduct*

Defendants contend that they are entitled to qualified immunity with respect to Carpenter's claim that her arrest on a charge of disorderly conduct violated her rights under the Fourth Amendment. They are entitled to qualified immunity (and summary judgment) on this claim if they can show that they had probable cause to believe that she committed the offense. *See Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (*per curiam*).

In determining whether the officers had probable cause to arrest Carpenter for disorderly conduct, the Court examines whether, "at that moment [of the arrest,] the facts

and circumstances within their knowledge and of which they had reasonably trustworthy

information were sufficient to warrant a prudent man in believing that the [arrestee] had

committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91(1964).

The Ohio disorderly conduct statute provides in part as follows:

(A)  No person shall recklessly cause inconvenience, annoyance, or alarm
to another by doing any of the following:

(1) Engaging in fighting, in threatening harm to
persons or property, or in violent or turbulent behavior;

(2) Making unreasonable noise or an offensively
coarse utterance, gesture, or display or communicating
unwarranted and grossly abusive language to any person;

(3) Insulting, taunting, or challenging another, under
circumstances in which that conduct is likely to provoke a
violent response;

(4) Hindering or preventing the movement of persons
on a public street, road, highway, or right-of-way, or to, from,
within, or upon public or private property, so as to interfere
with the rights of others, and by any act that serves no lawful
and reasonable purpose of the offender;

(5) Creating a condition that is physically offensive to
persons or that presents a risk of physical harm to persons or
property, by any act that serves no lawful and reasonable
purpose of the offender.

Ohio Rev. Code Ann. § 2917.11(A).

The statute also prohibits conduct, and makes it an arrestable offense, where "[t]he

offender persists . . . after reasonable warning or request to desist" or the conduct is

"committed in the presence of any law enforcement officer."  Ohio Rev. Code Ann.

§ 2917.11(E).  Carpenter was charged with violating § 2917.11(E).  (*See* Doc. 10, Ex. C.)

-24-

The Ohio courts have held that a person may be found to have violated the disorderly conduct statute and engaged in "turbulent behavior" by confronting sheriff's deputies loudly and hostilely, and by failing to calm down when asked to do so.  *See Thacker v. Lawrence County*, 182 Fed. Appx. 464, 470 (6th Cir. 2006) (citing *State v. Jackson*, No. 17128, 1998 WL 801367, at *3 (Ohio Ct. App. Nov. 20, 1998) (unpublished).)

The undisputed evidence shows that Carpenter was upset at the prospect of the officer removing Tyler from Combs's home, that she followed the officer carrying Tyler out of the residence, that her conduct was upsetting other children in the home, that the officers asked her to calm down and that she failed to do so, and that she shouted at Kirby in a voice loud enough to be heard 30-40 feet away.  (*See* Doc. 10, Ex. C. at ¶¶ 11-14; Doc. 11, "Deposition of LaDawnya K. Carpenter" (hereinafter ("Dep."), at pp. 127, 131-32, 147-48.)

Even accepting Carpenter's version of disputed facts, *e.g.*, she was not cursing and, while upset and crying, was not angry (*see* Dep. at pp. 148-49), a prudent officer could have believed that Carpenter was violating the statute based on her opposition to giving Tyler over to Kirby, the volume and delivery of her speech (not simply its content), and her persistent failure to calm down despite the officers' requests.  *See Thacker*, 182 Fed. Appx. at  470 (citing *Beck*, 379 U.S. at 9; *Jackson*, 1998 WL 801367, at *3).

Carpenter has the burden of proving the absence of probable cause.  *See St. John v. Hickey*, 411 F.3d 762, 769 (6th Cir. 2005).  She has not presented sufficient evidence to

create a genuine issue of fact as to the existence of probable cause.  Thus, defendants are entitled to summary judgment on Carpenter's claim of an unlawful arrest.

> b.      *Whether defendants are entitled to summary judgment on Carpenter's claim of an excessive use of force*

Defendants also argue that Carpenter has failed to present sufficient evidence to establish a claim based on an excessive use of force.  They seek leave to supplement their motion for summary judgment with an opinion letter by a law enforcement expert.  (Doc. 25.)

The Sixth Circuit has determined that rulings on the admissibility of expert opinion evidence are within the discretion of the trial court.  *See Brainard v. American Skandia Life Assur. Corp.*, 432 F.3d 655, 663 (6th Cir. 2005).  "An expert opinion submitted in the context of a summary judgment motion 'must be more that a conclusory assertion about ultimate legal issues.'"  *Id.* (citation omitted).  The opinion "must 'set forth facts' and, in so doing, outline a line of reasoning arising from a logical foundation."  *Id.* (citations omitted).

The expert opinion in the present case states, *inter alia*, that a bruise sustained by Carpenter "might be consistent with an escort by an officer of a resistant suspect" and that the use of force by defendant officers Bowling, Whitman and Diekman was "proper" and "within the parameters of the Franklin (OH) Police Department's use of force policy" and the "nationally accepted guidelines of the law enforcement industry regarding use of force."  (Doc. 25, Ex. A-2 at pp. 5-7.)

An excessive force claim is analyzed under the Fourth Amendment's "objective reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.*

The Court finds that the expert opinion submitted by defendants fails to meet the requirement for a factual basis and that the finding of a "proper" use of force is a conclusory assertion about an ultimate legal issue.

Accordingly, the motion for leave to supplement the motion for summary judgment (Doc. 25) is **DENIED**. The Court does not determine in this Order the issue of the admissibility of the expert's opinion at trial.

The Court finds further that disputed issues of material fact exist concerning Carpenter's conduct and the need for any use of force.

Whether the amount of force used in a particular case was reasonable "requires careful attention to the facts and circumstances . . ., including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [she] is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396; *see also St. John*, 411 F.3d at 771. These factors are not exhaustive; rather the ultimate question is "whether the totality of the circumstances justifies a particular sort of seizure." *Graham*, 490 U.S. at 396.

The crime of disorderly conduct is not a heinously serious crime. *See Thacker*, 182 Fed. Appx. at 472. The parties dispute whether Carpenter posed a threat to the safety

of the officers or others, whether or when she was told that she was under arrest, and whether she resisted the officers' attempt to restrain her or to handcuff her.

In light of disputed issues of material fact, summary judgment is not appropriate on Carpenter's excessive force claim.

       *c.*    *Whether Carpenter presented sufficient evidence of an unlawful practice or policy to prevail on her claims against the City of Franklin*

In Count VII of the second amended complaint, Carpenter alleges that she was falsely arrested, maliciously prosecuted, and denied a speedy trial by the City of Franklin.

Municipal liability attaches only where a plaintiff's injury is the result of an official custom or policy of the city. *Pembaur*, 475 U.S. 479. "To show the existence of an offending custom or policy, plaintiffs must adduce specific facts supporting their claim; conclusory allegations are insufficient." *Games Galore of Ohio, Inc. v. Masminster*, 154 F. Supp. 2d 1292, 1300 (S.D. Ohio 2001) (citing *Taylor v. Canton, Ohio Police Dep't*, 544 F. Supp. 783 (N.D. Ohio 1982)). A single act can constitute an unconstitutional policy if the discretionary act was made by an official vested with final authority. *Pembaur*, 475 U.S. at 482.

Here, as evidence of an unlawful policy, plaintiffs contend that the City Prosecutor, Runge, "ratified" the actions of the City. They argue further that criminal charges were filed against an eyewitness to these events, Mary Zolecki, to intimidate her and keep her from testifying at Carpenter's trial.

However, each of Carpenter's underlying claims  – (1) that she was falsely arrested; (2) that she was maliciously prosecuted; and (3) that she was denied a speedy trial  – fail on the evidenced facts as a matter of law.

(1) Carpenter was not falsely arrested as the Court has found upon the facts and law that the officers possessed probable cause to arrest her.

(2) Carpenter likewise cannot prove malicious prosecution, because lack of probable cause is an element and the gist of the civil tort for malicious criminal prosecution, *see Trussell v. General Motors Corp.* (1990), 53 Ohio St. 3d 142, and here the officers possessed probable cause to prosecute upon the facts as a matter of law.

(3) As to Carpenter's claim that she was denied a speedy trial, a defendant's right to a speedy trial under the Sixth and Fourteenth Amendments is not self-executing  –  she must request or demand a speedy trial to invoke the constitutional protection   *See State v. Butler*, 19 Ohio St. 2d 55, 56-57, 249 N.E.2d 818, 819 (Ohio 1969).  Here, Carpenter has failed to establish that she took the necessary action to invoke the protection as the record before this Court reflects only that the state court dismissed the case.  In any event, Carpenter's claim fails because she has not provided evidence of any custom or policy resulting in the delay in bringing her to trial.  *See Monell*, 436 U.S. at 684; *see also Smith v. Shelby Cty.*, 3 Fed. Appx. 436, 438 (6th Cir. 2001).

Defendants being entitled to judgment as matter of law on these claims upon the undisputed material facts, summary judgment shall be entered accordingly.

-29-

      d.     *Whether Carpenter presented sufficient evidence to prevail on a claim of a substantive due process violation*

Next, defendants assert that they are entitled to judgment as a matter of law because Carpenter has failed to present sufficient evidence to support a substantive due process claim.  Plaintiffs did not respond to this argument and have failed to establish a genuine issue of material fact.  Accordingly, Defendants are entitled to summary judgment on Carpenter's due process claim.

      e.     *Whether plaintiffs have presented sufficient evidence to prevail on claims for failure to investigate, train and supervise the Officers (Counts IV-VI).*

Defendants assert finally that they are entitled to judgment as a matter of law because plaintiffs have failed to present sufficient evidence to support their claims of failure to investigate, train and supervise.  Plaintiffs did not support these claims by argument or evidence, and they have failed to establish a genuine issue of material fact.  Accordingly, summary judgment shall be entered against plaintiffs on Counts IV, V, and VI.

### 4.    Claims Under 42 U.S.C. § 1985 and 18 U.S.C. § 245, and Claims for Injunctive Relief

The second amended complaint also included claims for relief under 42 U.S.C. § 1985 and 18 U.S.C. § 245, as well as claims for injunctive relief.  (*See* Doc. 1 at p. 11, ¶ 51.)

While this action was pending in state court, Judge Bronson granted summary judgment for defendants on plaintiffs' claims under 18 U.S.C. § 245 and 42 U.S.C.

§ 1985 and on plaintiffs' claims for injunctive relief.  Plaintiffs do not now dispute this ruling, and Defendants are entitled to summary judgment on these claims.

## V.  CONCLUSION

For the reasons stated above,  **IT IS HEREIN ORDERED  THAT:**

1.     Plaintiffs' second motion to remand (Doc. 14) is **DENIED**;

2.     Defendants' motion for judgment on the pleadings (Doc. 8) is **GRANTED**; claims against defendants Troy Wolf and Steven M. Runge are **DISMISSED** with prejudice; and defendants Troy Wolf and Steven M. Runge are **DISMISSED** as parties to this case;

3.     Defendants' motion for leave to supplement their motion for summary judgment with an expert opinion report (Doc. 25) is **DENIED**; and

4.     Defendants' motion for summary judgment (Doc. 10) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a.     Summary judgment is **GRANTED** in favor of defendants with respect to the following claims:

   ▸     Combs's claim that he was arrested without probable cause;

   ▸     Combs's and Tyler's claims based on an unlawful seizure and a violation of familial association and privacy rights;

   ▸     Tyler's claims against the City of Franklin;

   ▸     Carpenter's claim that she was arrested without probable cause;

&#9656;    Carpenter's claim that she was maliciously prosecuted;

&#9656;    Carpenter's claim that she was denied a speedy trial;

&#9656;    Carpenter's due process claim;

&#9656;    Combs's and Carpenter's claims against the City of Franklin;

&#9656;    claims under 18 U.S.C. § 245;

&#9656;    claims under 42 U.S.C. § 1985; and

&#9656;    claims for injunctive relief.

b.    Summary judgment is **DENIED** with respect to the following:

&#9656;    Plaintiffs' claims based on a warrantless entry into Combs's home; and

&#9656;    Carpenter's excessive force claim.

Accordingly, this case shall commence to trial only with respect to these two causes of action against defendants Bowling, Whitman and Diekman.

**IT IS SO ORDERED**.

Date:  12/22/06          s/Timothy S. Black
                               Timothy S. Black
                               United States Magistrate Judge          .