UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LADAWNYA CARPENTER, *et al.*, | : | Case No. 1:05-cv-323 |
| | : | |
| Plaintiffs, | : | U.S. Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| CITY OF FRANKLIN, OHIO, *et al.*, | : | |
| | : | **SUPPLEMENTAL MEMORANDUM** |
| Defendants. | : | **OPINION AND ORDER** |

On December 22, 2006, this Court entered a Memorandum Opinion and Order granting in part and denying in part Defendants' motion for summary judgment. (Doc. 28). (The underlying facts are set out in detail in that Opinion and will not be repeated here.)

Defendants included in their motion for summary judgment an assertion that the defendant police officers are entitled to qualified immunity with respect to Plaintiff Ladawnya Carpenter's claim that the officers used excessive force in effecting her arrest on a charge of disorderly conduct. The purpose of this Supplemental Memorandum Opinion and Order is to address that assertion. For the reasons that follow, the Court finds that Defendants are not entitled to entry of summary judgment upon qualified immunity with respect to that claim as material questions of fact exist as to whether or not the police officers violated clearly established law and whether or not they are entitled to qualified immunity.

**DISCUSSION**

"Qualified immunity is an affirmative defense that shields government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310 (6th Cir. 2005) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

To determine whether the officers are entitled to qualified immunity, the court must determine first, "whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated," and second "whether that right was clearly established." *Id.*  The court may also consider "whether the plaintiff offered sufficient evidence to indicate that what the official[s] allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 905 (6th Cir. 2004), *cert. denied sub. nom. Dickhaus v. Outlook Nashville, Inc.*, 544 U.S. 975 (2005).

This Court previously expressed that the offense for which Carpenter was arrested, disorderly conduct, is not a heinously serious crime (Doc. 28 at p. 27 (citing *Thacker v. Lawrence County*, 182 Fed. Appx. 464, 472 (6th Cir. 2006)), and that genuine issues of material fact exist as to whether or not Carpenter posed a threat to the safety of the officers or others, whether or when she was told that she was under arrest, and whether or not she resisted the officers' attempt to restrain her or to handcuff her (*id.* at pp. 27-28).

Because the facts are in dispute, and construing the allegations in a light favorable

to Carpenter, the Court finds that she has alleged sufficient facts,[1] if proven, to establish a constitutional violation under the circumstances presented in this case.

In the motion for summary judgment, Defendants further argue that the officers are entitled to qualified immunity because the law surrounding the use of force was not clearly established at the time of the underlying arrest and in light of the particular facts of the case. (*See* Doc. 10 at p. 35.) This argument is not persuasive.

It was clearly established at the time of Carpenter's arrest – August 16, 2002 – that it would be unreasonable to use the amount of force alleged here against a suspect who allegedly poses no apparent threat and allegedly is not resisting the officer's attempt to arrest her. *See, e.g., Baker v. City of Hamilton*, ___ F.3d ___, 2006 WL 3702914, at *6 (6th Cir. Dec. 18, 2006) (noting that the right of people who pose no safety risk to the police to be free from gratuitous violence during arrest was clearly established in December 2002); *see also Lustig v. Mondeau*, No. 05-1905, 2006 WL 3253496, at *7 (6th Cir. Nov. 8, 2006)).

Accordingly, and for the reasons stated above, **IT IS HEREIN ORDERED THAT** Defendants' motion for summary judgment (Doc. 10) is **DENIED** in part with respect to Defendants' assertion that they are entitled to qualified immunity on Carpenter's excessive force claim. The pretrial record sets forth genuine issues of material facts for trial.

---

[1] See Carpenter's Affidavit (Doc. 13-3, p. 9, ¶¶ 13-19;); see also Affidavit of Mary Zolecki (Doc. 13-3, pp. 4-5).

**IT IS SO ORDERED**.


Date:  1/10/07	 s/Timothy S. Black
	Timothy S. Black
	United States Magistrate Judge            .